# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHRISTOPHER WALKER *a.k.a.* "RAY RAY," DIANE MCDOWELL, and KIZZY MCDOWELL, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUTTS COUNTY GEORGIA, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 5:18-cv-00155-TES-CHW |

## ORDER DENYING PLAINTIFFS' MOTION TO APPEAL *IN FORMA PAUPERIS*

Before the Court is Plaintiffs'[1] Motion for Leave to Appeal *In Forma Pauperis* [Doc. 11]. After a review of the record, the Court **DENIES** Plaintiffs' motion for the following reasons:

When the trial court certifies in writing that the appeal is not taken in good faith, an appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.

---

[1] The caption of the Complaint [Doc. 1] lists Diane McDowell and Kizzy McDowell as "petitioners" in addition to Christopher Walker. However, it does not appear from the body of the Complaint that they are intended to be plaintiffs in this action. Instead, the allegations in the Complaint relate primarily to Christopher Walker. As previously instructed by the United States Magistrate Judge, if either Diane McDowell or Kizzy McDowell intend to proceed as a plaintiff with Plaintiff Walker, they must both sign the Complaint as well. For purposes of this Order, the Court, notwithstanding the presumption that Plaintiff Walker seems (from the body of the Complaint) to be the only party seeking relief, addresses all plaintiffs named in the caption above.

*Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Shellielle S. Youhoing-Nanan, who is not an attorney licensed to practice law either in the Middle District of Georgia or in the State of Georgia, signed and filed a Complaint [Doc. 1] on behalf of Plaintiffs Christopher R. Walker, Diane McDowell, and Kizzy McDowell. This Court's local rules unequivocally state,

> To be eligible to practice in this court an attorney must have been admitted to practice in the trial courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c, may appear as counsel.

LR 83.1.1B MDGa.

In the Complaint, Youhoing-Nanan states that "*Plaintiff Christopher 'Ray Ray' Walker*" filed his lawsuit "*by and through assigned* [c]ounsel, Human Rights Indigent Counsel, Shellielle S. Youhoing-Nanan, Ex-Rel., under authority of UNITED NATIONS

2

GENERAL ASSEMBLY RESOLUTION 53/144, and United States Constitution . . . ." [Doc. 1, at pp. 1-2 (emphasis added, capitalization in original)]. After review of the Complaint, the Clerk of Court sent Ms. Youhoing-Nanan a letter notifying her that she could not represent Plaintiffs in this action because "[a] non-attorney may not represent others in court." [Doc. 3, at p. 1]. The letter informed Ms. Youhoing-Nanan that, if Plaintiffs wished to pursue this action, they could amend their Complaint by filing it themselves and signing it pursuant to Rule 11 of the Federal Rules of Civil Procedure. [*Id.*]

Ms. Youhoing-Nanan subsequently sent a response letter[2] to the Court, on letterhead from the "Youhoing-Nanan Private Law & Consulting Firm" from "Riverdale, GA 30274." [Doc. 4]. In her letter, she asserts that she was in fact authorized to file the Complaint on Plaintiffs' behalf because it is a human rights petition and she is a human rights defender pursuant to Article 9 of the United Nations General Assembly Resolution 53/144. *See* [Doc. 4, at pp. 2-4].[3] The United States Magistrate Judge then entered an Order to Show Cause [Doc. 5], explaining that Ms. Youhoing-Nanan's arguments did not show that she was legally permitted to file the Complaint on Plaintiffs' behalf. *See generally* [Doc. 5]. In that same order, the Magistrate Judge directed Plaintiffs to show cause why

---

[2] Her letter further states "that unlike the regular attorney at law which is licensed to practice law in the state of Georgia, a Civil Society Legal Law entity, is not required to license, but if chosen to do so, the corporation is licensed and not the officers." [Doc. 4, at p. 2].

[3] However, such statements wholly ignore this Court's rule requiring all attorneys practicing in this Court to be duly admitted to practice law and further be admitted to practice in the Middle District of Georgia either via admission or *pro hac vice*. Ms. Youhoing-Nanan chose to ignore both options and is not permitted to practice law in this Court.

the case should not be dismissed given their failure to personally sign and file the Complaint. [*Id.* at pp. 4-5]. The Magistrate Judge gave Plaintiffs 21 days to respond to the show cause order and cautioned Plaintiffs that "failure to respond to this Order will result in dismissal of this action." [*Id.*]. Given Plaintiffs' failure to respond to the Court's Order to Show Cause [Doc. 5], dated July 17, 2018, or to otherwise amend the Complaint by personally signing the pleading themselves, the Court dismissed Plaintiffs' Complaint without prejudice on August 22, 2018. [Doc. 6].

In light of the Court's dismissal, Youhoing-Nanan now attempts to file a patently frivolous appeal—still on Plaintiffs' behalf[4]—despite the Court's numerous opportunities afforded to Plaintiffs to correct their pleading so that it comported with the law, the Federal Rules of Civil Procedure, and this Court's local rules. In Plaintiffs' Notice of Appeal [Doc. 8], they do not appear to have submitted either their affidavit that claims an entitlement to redress nor a statement of the issues they intend to present on appeal, both of which are required under Federal Rules of Appellate Procedure 24(a)(1)(B)-(C). Instead, Plaintiffs' Notice of Appeal makes the generalized statement that they appeal the "severely unlawful and unconstitutional dismissal" of their case. [Doc. 8, at p. 2].

---

[4] Taking Ms. Youhoing-Nanan's condescending letter [Doc. 4] to this Court's Clerk of Court into account, coupled with the focus of the Notice of Appeal [Doc. 8], the Court concludes that this appeal really is more about the person attempting to file a civil complaint as a lawyer than about the Plaintiffs. Notwithstanding that the notice of appeal clearly provides that Ms. Youhoing-Nanan is also appealing the Court's dismissal of Plaintiffs' Complaint, it is axiomatic that because she is not a party to a case, she has no standing to appeal anything in her own right.

4

The Court's review of the issues addressed in this case demonstrates that Plaintiffs' appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). Simply put, Plaintiffs seek to appeal the Court's dismissal of this case on the grounds that Ms. Youhoing-Nanan is somehow permitted to file a lawsuit on Plaintiffs' behalf without being admitted to practice law in the Middle District of Georgia. Because of these baseless assertions, this appeal is not brought in good faith. Plaintiffs have raised no issues of arguable merit, and the Court **DENIES** their Motion for Leave to Appeal *In Forma Pauperis* [Doc. 11]. Should Plaintiffs desire to file an appeal, they must pay the full filing fee.

**SO ORDERED**, this 17th day of October, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**